# Harmon, Linder & Rogowsky

David Harmon, Esq. *
*(1917-2013)
Mark J. Linder, Esq.
Ira Rogowsky, Esq.
Thomas A. Graci, Esq.
Bret Myerson, Esq.
Keith Mininson, Esq.
Michelle Jean-Jacques, Esq
Eric Mausolf, Esq
Jordan Byrd, Esq.

*Attorneys at Law*
3 Park Avenue, 23rd Floor
Suite 2300
New York, NY 10016
Tel. (212) 732-3665
Fax. (212) 732-1462

Thomas Mutone, Esq.
Jean Osnos, Esq.
Elisabeth Morgan, Esq.
Travis Frank, Esq.
Max Sverdlove, Esq.
Dwayne Crispell, Esq.
Rayne Sassower, Esq.
Martin Schwartz, Esq.
Steven Loren, Esq.
Danny Diaz, Esq.
Kesete Taye, Esq.
Jordan Hoch, Esq.

March 18, 2025

**VIA ELECTRONIC FILING**
Honorable Jennifer H. Rearden
United States District Court
Southern District of New York
500 Pearl St.
New York, NY 10007-1312

**MEMO ENDORSED (p. 2)**

   Re: Eddie Gilyard v. RKR Transport, LLC
       Docket No.: 21-CV-03392

Dear Judge Rearden:

   Pursuant to the directive in the Court's Order dated March 14, 2025 [Dkt. 67], the parties submit this joint letter on the status of the Surrogate's Court proceeding to substitute an estate entity on behalf of the deceased plaintiff Eddie Gilyard and to name Tahira Gilyard as the Administrator of the Estate of Eddie Gilyard.

   Plaintiff's counsel has been informed by Jarrett G. Roth, the attorney hired to handle the Surrogate's Court filing of the Petition that on February 6, 2025, Mr. Roth received correspondence from the Surrogate's Court outlining additional requirements concerning the decedent's non-marital children. The specific requirements are as follows:

1. Amended Petition from Tahira Gilyard.
2. Waiver from the Decedent's non-marital son, Eddie Gilyard, Jr.
3. Waiver from the Decedent's surviving parent, Dorothea Gilyard.
4. Birth Certificates for the Decedent's 3 non-marital children- Tahira, Eddie, Jr., and Keeyon.
5. Proposed Decree.

   Mr. Roth has informed us that Items 1 and 2 from the list above are the only remaining pending items. He has been in regular communication with Tahira regarding these requirements and sent the revised petition and waiver for Eddie Gilyard Jr. via FedEx on February 27, 2025. Mr. Roth followed up with Tahira on March 10 and March 17, via both telephone and email for the required documents. Once Mr. Roth receives these documents, he will file them with the Surrogate Court.

We thank your Honor for your continued courtesy and consideration in this matter.

Respectfully submitted,

*Michelle Jean-Jacques*
Michelle Jean-Jacques, Esq.

TO: **VIA ECF**
Naomi J Skura, Esq.
Matthew Vitucci, Esq.
Gallo Vitucci Klar LLP
Attorney(s) for Defendant

By **May 24, 2025** and **every 60 days thereafter**, the parties shall submit a joint letter updating the Court on the status of Plaintiff's Surrogate's Court proceeding. The motion to substitute at ECF No. 61—which was filed in 2023 and references that ongoing proceeding, *see, e.g.*, ECF No. 61 at 6 ("Counsel filed a Petition for Limited Letters of Administration in the Surrogate's Court of the State of New York, County of New York."); *see also* ECF No. 63 (Def.'s Opp.) at 3 ("Plaintiff has provided no evidence that the Surrogate's Court approved the Petition or that it issued the Limited Letters of Administration in response to the Petition.")—is hereby terminated without prejudice to restoration.

The Clerk of Court is directed to terminate ECF No. 61.

SO ORDERED.

*Jennifer H. Rearden*
Jennifer H. Rearden, U.S.D.J.
Dated: March 24, 2025